UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CARLOS M. VALENCIA,
and other similarly-situated individuals,

     Plaintiff,

v.

1300 OCEAN DRIVE, LLC
d/b/a SANDIA BAR & GRILL
and STEFANO FRITTELLA
individually,

     Defendants,

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CARLOS M. VALENCIA and other similarly-situated

individuals, by and through the undersigned counsel, and hereby sues Defendants 1300

OCEAN DRIVE, LLC d/b/a SANDIA BAR & GRILL, and STEFANO FRITELLA,

individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the

   laws of the United States.  This Court has jurisdiction pursuant to Title 28 U.S.C. §

   1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for

   jurisdictional placement) ("the Act").

2. Plaintiff CARLOS M. VALENCIA is a resident of Miami-Dade County, Florida,

   within the jurisdiction of this Honorable Court.   Plaintiff was a covered employee

   for purposes of the Act.

3. Defendant 1300 OCEAN DRIVE, LLC, d/b/a SANDIA BAR & GRILL (hereinafter 1300 OCEAN DRIVE) is a Florida corporation which has its place of business in Miami-Dade County within the jurisdiction of this Court. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendant STEFANO FRITELLA was and is now, owner/manager of 1300 OCEAN DRIVE, LLC. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum wages and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after February 2014, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant 1300 OCEAN DRIVE, is a restaurant located at 1300 OCEAN DRIVE, Miami Beach 33139. Defendant performed business under the name of Sandia Bar & Grill.

8. Defendants 1300 OCEAN DRIVE and STEFANO FRITELLA employed Plaintiff CARLOS M. VALENCIA as busboy from approximately January 2007, through October 31, 2015. However, for FLSA purposes Plaintiff's relevant period of employment is 90 weeks.

9. Plaintiff was a full-time employee who was hired as busboy, with additional janitorial and maintenance duties.

10. Apparently, During the relevant period of employment with Defendants, Plaintiff was paid with two different methods of payment.

11. Plaintiff was paid as tipped employee during part of the relevant period of employment. Plaintiff was a busboy who received indirect tips. Plaintiff was paid the minimum wage for tipped employees plus a portion of tips received by waiters that were shared with him.

12. There is at least one paystub for the period from September 22, 2014 to October 5, 2014 which indicates that Plaintiff was paid in that period, 80 hours at the rate of $4.91=$392.80 plus $103.51 of overtime, plus $412.52 of tips. **See exhibit "A".**

13. The next paystub in Plaintiff' possession covers the period from October 20, 2014 to November 2, 2014 and it shows the payment of an hourly rate of $5.00 an hour plus the payment of commissions.

14. After this change in Defendants' payment policy, Plaintiff did not receive direct or indirect tips anymore. Plaintiff was a non-tipped employee who was paid about the Florida minimum wage for tipped employees plus a portion of the compulsory Service Charge imposed on customers' bills by the Defendants.

15. Plaintiff claims that during his entire employment period with Defendants he was not paid minimum wages and overtime hours according to the provisions of the Fair Labor Standards Act.

16. **Overtime claim.-** In reference to his overtime claim, Plaintiff alleges the following: Plaintiff's total relevant period of employment with defendants was 90 weeks.

    Within the relevant period from February 8, 2014 to September 30, 2014, or 33 weeks, Plaintiff was paid as a tipped-employee. Plaintiff worked 55 and 66 hours per week, but he was not paid for all his overtimes hours. Plaintiff is unable to state how much he is owed for this 33 week without proper discovery.

17. On or about October, 2014, Defendants changed their method of payment and Plaintiff was paid as a non-tipped employee plus a portion of a Service Charge.

18. Within the period from October 15, 2014 to October 31, 2015, or 57 weeks, Plaintiff was a non-tipped employee working 55 and 66 hours, per week, but he was not paid for all his overtime hours.

19. Upon information and belief, Defendants distributed the service charge between their employees with the purpose of meeting the requirements of the Section 7(i) of the FLSA "Overtime Exemption from the FLSA to employees of retail and services establishment".

20. As per Section 7 (i) of the FLSA, hotel, motels and restaurants may levy mandatory charges on customers for services. If part of those service charges are paid to service employees, that payment may be considered a commission, and if every requirement for this Retail exemption are met, the service employee, like Plaintiff may be overtime exempt.

21. Under this method, Plaintiff would be exempted from the overtime provisions of FLSA Section 7(i), as an employee paid commissions by a retail establishment, or Retail Exemption if the following three conditions must be met:

    1. The employee must be employed by a retail or service establishment,

    2. The employee's regular rate of pay must exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours are worked, and

    3. More than half the employee's total earnings in a representative period must consist of commissions.

22. Unless all three conditions are met, the Section 7(i) exemption is not applicable, and overtime premium pay must be paid for all hours worked over 40 in a workweek at time and one-half the regular rate of pay. Additionally, the employer must keep accurate records of hours worked each workday, hours worked each workweek, and earnings and wages paid.

23. However, subject to discovery, Defendants did not meet the three conditions for commissioned employees during a substantial number of weeks within the relevant period of employment, and must pay the Plaintiff for each overtime hour at the rate of time and a half his regular rate.

24. Plaintiff worked regularly 5 days each week (it could be any day from Monday to Sunday) from 7:00 AM to 6:00 PM (11 hours daily), Plaintiff was unable to take bona-fide lunch breaks, which means that Plaintiff worked in a regular week of 5 days a minimum of 55 hours weekly.

25. In addition, at least twice a month, Plaintiff was required to work a sixth day, from 7:00 AM to 6:00 PM (11 hours), this extra day, was out of schedule and most of the time, totally off-the clock.   During these weeks, Plaintiff completed 66 hours of work in a week period.  Plaintiff was never compensated properly for this extra hours which constituted more overtime hours.

26. Plaintiff punched in and out, however, Plaintiff never was in agreement with the number of hours paid to him, and he always complained with manager Augusto Marenco.  Plaintiff states that management changed and lowered the hours worked by Plaintiff  and other similarly situated individuals.

27. Consequently, Defendants did not maintain accurate records of hours worked by Plaintiff and other similarly situated individuals, since paystubs did not reflect the correct number of regular, and overtime hours worked by Plaintiff.

28. Plaintiff was paid bi-weekly with confusing paystubs that showed in the same period payments described as: 1) Service Charge; 2) Commissions; 3) less than 40 regular hours, 4) Overtime; 5) Multi Pos O/T paid; 6) S.C.O.T. **See composite Exhibit "B"**.

29. Plaintiff worked 55 and 66 hours per week, but Defendants failed to pay Plaintiff for every overtime hour worked. Notwithstanding with the retail overtime exemption that Defendants intended to apply, Defendants paid Plaintiff a fraction of overtime hours worked every week, at the incorrect O/T rate.

30. A review of some Plaintiff's paystubs for 2014 and 2015, indicates that if the total earnings paid to Plaintiff in those periods are divided by Plaintiff's real number of

hours worked, the result is that Plaintiff's earnings are less than one, and one-half times the applicable minimum wage, or $10.88 an hour.

31. As a result, all the requirements of Section the Section 7(i) has not been met and the Retail exemption is not applicable. Overtime premium pay must be paid for all hours worked over 40 in a workweek at time and one-half the regular rate of pay.

32. Therefore, during the mentioned times and periods, Defendants 1300 OCEAN DRIVE and STEFANO FRITTELLA failed to pay Plaintiff CARLOS M. VALENCIA overtime wages according to the provisions of the Fair Labor Standards Act. (FLSA).

33. Since Plaintiff was a non-tipped employee who was paid less than required minimum wage plus a portion of the Service Charge, he was paid a different amount every week, depending on the portion of Service Charge received, and the number of overtime hours that Defendant decided to pay him. Without proper discovery, it will be very difficult to determine exactly how much Plaintiff is owed.

34. **<u>Minimum Wage Claim.-</u>** In reference to his minimum wage claim, Plaintiff alleges the following:

35. Subjected to discovery, during the relevant time in which Plaintiff was paid as tipped employee, Plaintiff was not paid for all his hours worked at the minimum wage as required by the FLSA. (from February 2014 to September 30, 2014, or 33 weeks).

36. On or about October, 2014, Defendants changed their method of payment, and Plaintiff became a non-tipped employee. Defendants paid Plaintiff $5.00 or $5.50 of regular wages, plus a portion of the Service Charge.

37. In this period, (from October 15, 2014 to October 31, 2015, or 57 weeks) Plaintiff did not receive direct or indirect tips anymore.  Plaintiff did not qualify to be treated as a tipped employee.  Plaintiff was entitled to receive the entire minimum wage and overtime required by the FLSA, in addition to the portion of Service Charges paid to him.

38. Therefore, during the mention the mentioned times and periods, Defendants 1300 OCEAN DRIVE and STEFANO FRITTELLA failed to pay Plaintiff CARLOS M. VALENCIA minimum wages according to the provisions of the Fair Labor Standards Act. (FLSA).

39. Without proper discovery, it will be very difficult to determine exactly how much in minimum wages Plaintiff is owed.

40. Defendants 1300 OCEAN DRIVE and STEFANO FRITTELLA failed to pay Plaintiff CARLOS M. VALENCIA minimum wages and overtime according to the provisions of the Fair Labor Standards Act. (FLSA).

41. Plaintiff CARLOS M. VALENCIA seeks to recover the minimum wages and overtime hours that never were paid to him at the mandatory rate of time and a half his regular rate, liquidated damages and any other relief as allowable by law.

42. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for any hour worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;

## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

43. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-42 above as if set out in full herein.

44. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

45. Defendant 1300 OCEAN DRIVE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

46. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff was a busboy, and through his multiples activities regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

47. Defendants 1300 OCEAN DRIVE and STEFANO FRITELLA employed Plaintiff CARLOS M. VALENCIA as busboy from approximately January 2007, through October 31, 2015. For FLSA purposes Plaintiff's relevant period of employment is 90 weeks.

48. Plaintiff was employed as a busboy performing the same or similar duties as that of those other similarly-situated restaurant employees who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

49. During the relevant time of employment with Defendants Plaintiff was paid under two different methods.

50. Subjected to discovery, from February 2014, to September 30, 2014, or 33 weeks, Plaintiff was paid as tipped-employee. Plaintiff was a busboy who received indirect tips. Plaintiff was paid the minimum wage for tipped employees plus a portion of tips received by waiters that were shared with him. In this period, Plaintiff worked 55 and 66 hours every week, however he was not paid for all his overtime hours. Plaintiff is not in possession of records and is unable to make a good faith estimate for his unpaid hours in this period until proper discovery would be finished.,

51. From October 15, 2014 to October 31, 2015, or 57 weeks, Defendants changed his method of payment and Plaintiff was re-classified as a non-tipped employee.

52. Defendants paid Plaintiff $5.00 and $5.50 of regular wages, plus a portion of the Service Charge.

53. Defendants intended to apply the retail overtime exemption, but they did not meet the requirements for this exemption, and they were not entitled to apply the exemption,

54. Plaintiff did not receive direct or indirect tips anymore. Plaintiff did not qualify to be treated as a tipped employee, and he was entitled to receive the entire minimum wage and overtime hours as required by the FLSA, in addition to the portion of Service Charges paid to him.

55. Plaintiff continued working the same schedule of 2 weeks of 5 days with 55 hours; and 2 weeks of 6 days with 66 hours every month. However, he was not paid for all his overtime hours, as required by the Fair Labor Standards Act.

56. Defendants paid Plaintiff a fraction of his overtime hours at the incorrect rate of $5.00 and $5.50.

57. As non-tipped employee, Plaintiff' overtime rate should be calculated based on the full minimum wage of $7.25 plus the portion of the services Charges paid to him every week.

58. Even though Plaintiff punched in and out, his paystubs mostly reflected less hours than the 55 and 66 hours that Plaintiff really worked. There is a substantial number of overtime hours that never were paid to Plaintiff at any rate.

59. Defendant 1300 OCEAN DRIVE failed to pay Plaintiff CARLOS M. VALENCIA for overtime hours at the rate of time and a half his regular rate for every hour in excess of forty in a week period, as required by the Fair Labor Standards Act.

60. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

61. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

62. Since Plaintiff was a non-tipped employee who was paid less than required minimum wage plus a portion of the Service Charge, he was paid a different amount every week, depending on the portion of Service Charge received, and the number of overtime hours that Defendant decided to pay him.

63. In addition, Plaintiff was paid bi-weekly with confusing paystubs that showed in the same period payments described as: 1) Service Charge; 2) Commissions; 3) less than 40 regular hours, 4) Overtime; 5) Multi Pos O/T paid; 6) S.C.O.T. **See composite Exhibit "B"**.

64. Without proper discovery, it will be difficult to determine exactly how much Plaintiff is owed.

65. Nevertheless, just to show that he is owed for overtime hours, Plaintiff has made preliminary calculations based only on the last 57 weeks (from October 15, 2014 to October 31, 2015), in which Plaintiff was paid as a non-tipped employee. Based on some paystubs in possession of Plaintiff, he was paid for some overtime hours at the rate of $5.00 and $5.50.

66. In order to facilitate this fictitious preliminary calculations, Plaintiff is going to apply an average of 5 overtime hours paid to him at the rate of $5.00 and $5.50,

and he is going to use the regular rate of $7.25 or $10.88 overtime rate. ($10.88 O/T rate is incorrect. As non-tipped employee Plaintiff O/T correct rate should be based on $7.25 plus service charges x 1.5, which would result in an O/T rate considerably higher than $10.88).

67. Overtime unpaid hours for the employment period from February 8, 2014 to September 30, 2014, or 33 weeks are not included. Calculations will be properly adjusted when Defendants produce time and payment records.

68. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages at the minimum O/T rate of $10.88 are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

       Eleven Thousand Two Hundred Eighty-Five Dollars and 62/100 ($11,285.62)

    b. <u>Calculation of such wages</u>:

       Total relevant weeks of employment: 90 weeks
       Total weeks of employment included in this calculation: 57
       Fictitious Reg. rate:$7.25 an hour (real rate paid $5.00 and $5.50 an hour)
       $7.25 x 1.5= $10.88 O/T rate

       **1.- Overtime calculations for 32 weeks, paid for 5 O/T hours at the rate of $5.00 an O/T hour, from October 15, 2014 to May 17, 2015= 32 weeks= $6,337.28**

          i.   32 weeks of 5 hours paid at $5.00 an hour
                $10.88-$5.00 paid=$5.88 O/T difference
                $5.88 x 5 O/T hours= $29.40 weekly x 32 weeks =$940.80 unpaid difference.

         ii.   16 weeks of 55 hours with 10 O/T hours paid at $0.00 an hour

O/T rate $10.88 x 10 hours =$108.80 weekly x 16 weeks = $1,740.80

   iii.   16 weeks of 66 hours with 21 O/T hours paid at $0.00 an hour
O/T rate $10.88 x 21 hours =$228.48 weekly x16 weeks = $3,655.68

**2.- Overtime calculations for 25 weeks paid for 5 O/T hours at the rate of $5.50 an O/T hour, from May 18, 2015, to October 31, 2015=25 weeks=$4,948.34**

   i.   25 weeks of 5 hours paid at $5.50 an hour
$10.88-$5.50 paid=$5.38 O/T difference
$5.38 x 5 O/T hours= $26.90 weekly x 25 weeks =$672.50 unpaid difference.

   ii.   12 weeks of 55 hours with 10 O/T hours paid at $0.00 an hour
O/T rate $10.88 x 10 hours =$108.80 weekly x 12 weeks = $1,305.60

   iii.   13 weeks of 66 hours with 21 O/T hours paid at $0.00 an hour
O/T rate $10.88 x 21 hours =$228.48 weekly x13 weeks = $2,970.24

Total overtime 1 and 2 and = $11,285.62

   c.   <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid overtime calculated at $10.88 an hour.

69. At all times material hereto, the Employer/Defendant 1300 OCEAN DRIVE failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

70. Defendant 1300 OCEAN DRIVE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated

these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

71. At the times mentioned, individual Defendant STEFANO FRITTELLA and was and is now, the owner/manager of 1300 OCEAN DRIVE. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of 1300 OCEAN DRIVE in relation to the employees of 1300 OCEAN DRIVE, including Plaintiff and others similarly situated. Defendant STEFANO FRITTELLA had financial and operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

72. Defendants 1300 OCEAN DRIVE and STEFANO FRITTELLA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages, as set forth above.

73. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CARLOS M. VALENCIA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants 1300 OCEAN DRIVE and STEFANO FRITTELLA, on the basis

of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B.  Award Plaintiff CARLOS M. VALENCIA actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CARLOS M. VALENCIA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

74.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-42 of this complaint as if set out in full herein.

75.  Defendant 1300 OCEAN DRIVE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon

information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

76. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff was a busboy, and through his multiples activities regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

77. This action is brought by Plaintiff CARLOS M. VALENCIA to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

78. Defendants 1300 OCEAN DRIVE and STEFANO FRITELLA employed Plaintiff CARLOS M. VALENCIA as busboy from approximately January 2007, through

October 31, 2015. However, for FLSA purposes Plaintiff's relevant period of employment is 90 weeks.

79. During the relevant time of employment with Defendants Plaintiff was paid under two different methods.

80. Subjected to discovery, during the relevant time in which Plaintiff was paid as tipped employee, Plaintiff was not paid for all his hours worked at the minimum wage as required by the FLSA. (from February 2014 to September 30, 2014, or 33 weeks).

81. On or about October, 2014, Defendants changed their method of payment, and Plaintiff became a non-tipped employee. Defendants paid Plaintiff $5.00 or $5.50 of regular wages, plus a portion of the Service Charge.

82. In this period, (from October 15, 2014 to October 31, 2015, or 57 weeks) Plaintiff did not receive direct or indirect tips anymore. Plaintiff did not qualify to be treated as a tipped employee. Plaintiff was entitled to receive the entire minimum wage and overtime required by the FLSA, in addition to the portion of Service Charges paid to him.

83. Plaintiff worked 2 weeks of 5 days with 55 hours; and 2 weeks of 6 days with 66 hours every month.

84. In this period Plaintiff was paid at $5.00 and $5.50 an hour, which is less than the mandatory minimum wage rate. Plaintiff worked 55 and 66 hours per week and he was not paid for all his worked hours at any rate, not even the minimum wage rate, as required by the Fair Labor Standards Act.

85. Plaintiff was a busboy performing the same or similar duties as that of those other similarly-situated restaurant employees who Plaintiff observed worked in excess of 40 hours per week without being paid minimum wages for every hour worked.

86. Even though Plaintiff punched in and out, his paystubs mostly reflected less hours than the 55 and 66 hours that Plaintiff really worked. There is a substantial number of hours that never were paid to Plaintiff at any rate.

87. Defendant 1300 OCEAN DRIVE failed to pay Plaintiff CARLOS M. VALENCIA minimum wages according to the provisions of the Fair Labor Standards Act. (FLSA).

88. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

89. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

90. Without proper discovery, it will be difficult to determine exactly how much in minimum wages Plaintiff is owed.

91. Plaintiff has made preliminary calculations based only on the last 57 weeks (from October 15, 2014 to October 31, 2015,), in which Plaintiff was paid as a non-tipped employee, at the incorrect rate of $5.00 and $5.50. There were many weeks in which Plaintiff was paid less than 40 regular hours, however, in order to facilitate preliminary calculations, Plaintiff is going to apply an average of 40 regular paid hours.

92. Additionally, Plaintiff will make separate calculations for hours in excess of 40, that were not paid to him at any rate.

93. Minimum wages for the employment period from February 8, 2014 to September 30, 2014, or 33 weeks are not included. Calculations will be adjusted when Defendants produce time and payment records.

94. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages for the period specified above, are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate. After Defendant produce time records and paystubs, calculations will be modified accordingly.
*Florida minimum wage is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages:</u>

       Fifteen Thousand Eight Hundred Four Dollars and 18/100 ($15,804.18)

    b. <u>Calculation of such wages:</u>

       Total relevant weeks: 57 weeks

       1.- **Minimum wage calculations for 2014, FL minimum wage $7.93**
          **From October 15, 2014 to December 31, 2014= 11 weeks= $3,121.03**

         i.   11 weeks of 40 hours paid at $5.00 an hour
             $7.93-$5.00 paid=$2.93 difference x 40 hours=$117.20 weekly
             $117.20 x 11 weeks = $1,289.20

         ii.   5 weeks of 55 hours with 15 hours paid at $0.00 an hour
             $7.93 x 15 hours =$118.95 weekly x 5 weeks = $594.75

         iii.   6 weeks of 66 hours with 26 hours paid at $0.00 an hour
             $7.93 x 26 hours =$206.18 weekly x 6 weeks = $1,237.08

       **2.- Minimum wage calculations for 2015, FL minimum wage $8.05**
          **From January 1, 2015, to October 31, 20115=46 weeks=$12,683.15**

> i. 20 weeks of 40 hours paid at $5.00 an hour (from 1/1/15-5/17/15)
> $8.05-$5.00 paid=$3.05 difference x 40 hours=$122.00 weekly
> $122.00 x 20 weeks = $2,440.00
>
> -10 weeks of 55 hours with 15 hours paid at $0.00
> $8.05 x 15 hours =$120.75 weekly x 10 weeks= $ 1,207.50
>
> -10 weeks of 66 hours with 26 hours paid at $0.00
> $8.05 x 26 hours =$209.30 weekly x 10 weeks= $ 2,093.00
>
> ii. 26 weeks of 40 hours paid at $5.50 an hour (from 5/18/15-10/31/15)
> $8.05-$5.50 paid=$2.55 difference x 40 hours=$102.00 weekly
> $102.00 x 26 weeks = $2,652.00
>
> -13 weeks of 55 hours with 15 hours paid at $0.00
> $8.05 x 15 hours=$120.75 weekly x 13 weeks = $1,569.75
>
> -13 weeks of 66 hours with 26 hours paid at $0.00
> $8.05 x 26 hours=$209.30 weekly x 13 weeks = $2,720.90
>
> Total Minimum wages for 57 weeks (i and ii) = $15,804.18

c. <u>Nature of wages:</u>

This amount represents unpaid minimum wages at Florida minimum wage rate.

95. Defendant 1300 OCEAN DRIVE unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

96. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

97. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and

minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

98. At the times mentioned, individual Defendant STEFANO FRITTELLA was and is now, the owner/manager of 1300 OCEAN DRIVE. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of 1300 OCEAN DRIVE in relation to the employees of 1300 OCEAN DRIVE, including Plaintiff and others similarly situated. Defendant STEFANO FRITTELLA had operational and financial control of the business, determined employment terms and conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

99. Defendants 1300 OCEAN DRIVE and STEFANO FRITTELLA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

100. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CARLOS M. VALENCIA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants 1300 OCEAN DRIVE and STEFANO FRITTELLA on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CARLOS M. VALENCIA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated:  February 21, 2017

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*